# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7028 | DATE | 8/14/2001 |
| CASE TITLE | | Linda Peeples vs. Elaine S. Blatt, et al. | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due_____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/20/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [15-1] is denied as to Count I and granted as to Count II. A status hearing is ordered for September 20, 2001 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

ED-7
FILED FOR DOCKETING
01 AUG 15  AM 8: 15

number of notices

AUG 15 2001
date docketed

docketing deputy initials

date mailed notice

Document Number

32

Date/time received in central Clerk's Office

mailing deputy initials

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LINDA PEEPLES,           )
                               )
             Plaintiff,     )    Case No. 00 C 7028
    v.                         )
                               )
ELAINE S. BLATT, et al.,    )    Judge Joan B. Gottschall
                               )
            Defendants.    )

**DOCKETED**

AUG 1 5 2001

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Linda Peeples and Roselyn Armour, filed this lawsuit against defendant law firm, Blatt, Hasenmiller, Leibsker, and Moore, and its controlling partners. Count I of the two-count amended complaint alleges that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f. Count II alleges violations of the debt discharge injunction contained in 15 U.S.C. § 524 of the Bankruptcy Code. Defendants have moved to dismiss both counts. For the reasons set forth below, defendants' motion is denied as to Count I and granted as to Count II.

### Background

The facts below are taken from plaintiffs' amended complaint and are assumed to be true for purposes of deciding this motion to dismiss. Plaintiffs individually purchased merchandise from Sears using their Sears credit cards. Prior to paying for their merchandise, each filed for Chapter 7 bankruptcy. Subsequently, their debts to Sears were discharged through bankruptcy proceedings. Pursuant to bankruptcy law, although the plaintiffs were no longer personally liable to Sears for their unpaid balances, Sears maintained a security interest in the merchandise which

allowed Sears to repossess the merchandise if it desired. After plaintiffs' bankruptcy proceedings were closed, Sears, through the defendant law firm, made demands for the return of the merchandise, but also offered to allow plaintiffs to redeem the merchandise for a lump sum payment. Both plaintiffs agreed to redeem the merchandise and ultimately signed "Redemption Agreements." (Amended Compl. ¶¶ 46, 56). In plaintiff Peeples' case, defendants filed a complaint for replevin and received a replevin order from the state court in order to obtain Peeples' household goods (a washer and dryer) before Peeples signed the redemption agreement. Plaintiffs allege that neither redemption agreement was filed with the bankruptcy court.

Plaintiffs allege that defendants' replevin activities and redemption agreements were nothing more than a scheme for collecting debts discharged in bankruptcy. Specifically, plaintiffs allege that defendants and Sears employed a plan in which they waited until bankruptcy proceedings had closed, and then coerced discharged debtors into making payments on discharged debts. In furtherance of the scheme, plaintiffs allege, defendants misled debtors and threatened to repossess merchandise through replevin actions unless the debtors agreed to redeem the merchandise by paying Sears the value of its secured interest. Further, plaintiffs allege that, with the knowledge and approval of defendants, Sears unreasonably inflated the value of its secured interest and refused to negotiate the value of lump sum payments that plaintiffs agreed to make under their redemption agreements.

Plaintiffs have now filed a two-count complaint. In Count I, plaintiffs claim that defendants' actions violate §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f of the FDCPA. In Count II, plaintiffs attempt to state a private action against defendants for an alleged violation of the discharge injunction contained in § 524(a)(2) of the Bankruptcy Code, 11 U.S.C. § 524(a)(2). Defendants move to dismiss both counts.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.,* 79 F.3d 631, 632 (7th Cir. 1996).

### I. Motion to Dismiss Count I – Violation of the FDCPA

Defendants move to dismiss the FDCPA claim for three separate reasons: (1) defendants never attempted to collect a "debt" as required by the FDCPA; (2) the Bankruptcy Code provides the exclusive remedy for attempts to collect debts discharged in bankruptcy; and (3) plaintiffs have not alleged a violation of the FDCPA.

#### A. "Debt" Under the FDCPA.

The FDCPA applies only in instances where a debt collector attempts to collect a "debt." 11 U.S.C. §§ 1692(c)-(j). Under the Act, a "debt" is defined as an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property . . . or services which are the subject of the transaction are primarily for personal, family or household purposes." 15 U.S.C. § 1692a(5). Defendants argue that there is no "debt" here because the plaintiffs' obligations to pay any money to Sears had been discharged in bankruptcy. Plaintiffs argue that their allegation that defendants employed replevin and redemption activities to coerce debtors into paying discharged debts sufficiently describes an "alleged obligation" to pay money under the FDCPA's definition of debt.

3

In *Molloy v. Primus Automotive Fin. Svcs.*, 247 B.R. 804, 821 (Bkrtcy.C.D.Cal. Mar. 30, 2000), the court was confronted with the question of whether a creditor who attempts to collect a discharged debt has attempted to collect a "debt" within the meaning of the FDCPA. In deciding the defendants' motion to dismiss, the court held that the plaintiffs had sufficiently stated that defendants had presented them with an "alleged obligation" to pay debts regardless of the fact that plaintiffs, in reality, did not have to pay their discharged debts. Therefore, the plaintiffs had satisfied the "debt" pleading requirement of the FDCPA. *See id.* Defendants here argue that *Molloy* should not apply to the case at hand because unlike in *Molloy*, defendants had informed plaintiffs that plaintiffs had no obligation to pay their discharged debts. Problematic for defendants is that the *Molloy* court clearly stated that the plaintiff's knowledge of the discharge of their debts was immaterial to whether defendants had presented plaintiffs with an "alleged obligation" to pay their debts. 247 B.R. at 821. Indeed, in *Molloy*, the plaintiffs admitted in their complaint that they had no obligation to pay since their debts were discharged in bankruptcy. *See id.* The fact that plaintiffs in this case had no obligation to pay their debts does not prevent plaintiffs from pleading an FDCPA claim.

Defendants, however, offer another argument. They argue that because they had expressly sought only to enforce a security interest and not to obtain money through their collection activities, they had not sought to collect on a debt within the meaning of the FDCPA. A similar argument was offered by the defendants in *Perovich v. Humphrey*, 1997 WL 674975 (N.D.Ill. Oct. 28, 1997). There, the defendants presented the plaintiffs with a collection notice saying the following: "This is an attempt to recover secured merchandise following your bankruptcy. This is not an attempt to collect a debt. . . .." *Id.* at *1. Plaintiffs argued that the defendants had attempted to collect a debt within the meaning of the FDCPA. Defendants

4

argued that this was not such an attempt. Judge Zagel stated the following:

> It is clear to me that [the plaintiffs] incurred a 'debt' at the time that they purchased their Craftmatic Adjustable bed based on the statutory definition and the case law. Quite simply, they became obligated to pay money to [the defendants] based on their purchase of a bed which is property used primarily for family and household purposes. Defendants argue that this is not a 'debt' because they did not seek to collect any money, they only sought to enforce a security interest. But this argument only describes the characteristic of the defendants' collection activities, not the underlying obligation upon which defendants' acts were based.

*Id.* at *2. The court held that the complaint "apparently describes a 'debt' sufficient to state a claim under the FDCPA." *Id.* The court finds Judge Zagel's reasoning to be persuasive. Plaintiffs in this case have sufficiently described a debt sufficient to state a claim under the FDCPA.

### B. Preclusion of the FDCPA by the Bankruptcy Code

Defendants next argue that Count I should be dismissed because the Bankruptcy Code precludes plaintiffs' FDCPA claim. As support for their argument, defendants point out that plaintiffs' claim is premised upon a violation of the Bankruptcy Code's discharge injunction which prohibits creditors from attempting to collect discharged debts. *See* 11 U.S.C. § 524(a)(2).[1] Plaintiffs argue that the FDCPA and the Bankruptcy Code must be construed so as to give effect to both.

Of the plethora of caselaw cited by the parties, three cases are on point. Two of those cases are from United States District Courts in California: *Walls v. Wells Fargo Bank, N.A.*, 255 B.R. 38 (E.D.Cal. Oct. 16, 2000) and *Kibler v. WFS Financial, Inc.*, 2000 WL 1470655 (C.D. Cal. Sept. 13, 2000). The other is from this district, *Wagner v. Ocwen Federal Bank, FSB*, No.

---

[1] 11 U.S.C. § 524(a)(2) provides in pertinent part that "[a] discharge in a case under this title. . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

99 C 5404, 2000 WL 1382222 (N.D. Ill. Aug. 28, 2000). *Walls* and *Kibler* hold that in this situation, the Bankruptcy Code precludes the FDCPA claim. *See Walls*, 255 B.R. at 47; *Kibler*, 2000 WL 147065, at *10. *Wagner* holds that the FDCPA claim may be maintained. *See Wagner*, 2000 WL 1382222, at *2.

Interestingly enough, *Walls* and *Kibler* base their reasoning on two cases from this district, *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, No. 98 C 4280, 1999 WL 284788 (N.D. Ill. Apr. 26, 1999), and *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810 (N.D.Ill. Oct. 21, 1999). *Baldwin* and *Gray-Mapp* both held that the FDCPA claims brought in those cases were precluded by the Bankruptcy Code. *Baldwin*, 1999 WL 284788, at *5; *Gray-Mapp*, 100 F.Supp.2d at 814. However, the facts of those cases are much different from those in the instant case. In both *Baldwin* and *Gray-Mapp*, the plaintiff sought to bring an FDCPA claim on the ground that the defendant had fraudulently inflated the proof of claim it filed during the bankruptcy proceedings. The courts in those cases found that the plaintiffs had failed to use the mechanism provided by the bankruptcy court with which to challenge the proofs of claim. That mechanism was a direct challenge during the bankruptcy proceedings. The cases held that to allow the FDCPA claims under those circumstances would contravene the Code's central purpose, which is "to adjudicate and conciliate all competing claims to a debtors property in one forum and one proceeding." *Gray-Mapp*, 100 F.Supp.2d at 813 (quoting *Baldwin*, 1999 WL 284788, at *5).

In *Wagner*, Judge Kennelly, who previously authored the *Gray-Mapp* opinion, pointed out the inapplicability of the *Gray-Mapp* and *Baldwin* reasoning to cases where the collection actions complained of did not occur until after the bankruptcy proceedings had closed:

[The FDCPA] claim can be determined without doing violence to the Bankruptcy

Code's purpose of adjudicating all claims in a single proceeding. Unlike Ms. Gray-Mapp, Wagner has not attempted to bypass any remedies provided to her under the Code while her bankruptcy petition was pending; indeed she could not have raised these issues there, because all of [defendant's] activities post-dated the conclusion of her bankruptcy case. [Defendant] did not not [sic] become a "creditor" of Wagner until after the bankruptcy case was over, which means Wagner had no real way of bringing [defendant] into the bankruptcy case when it was pending. Moreover, Wagner's FDCPA claim, at its foundation, is no different from that of any other debtor who is dunned by a creditor who in fact is not owed any money; the fact that her debt was discharged in bankruptcy does not logically differentiate her case from that of a debtor whose debt was discharged in some other way.

*Wagner*, 2000 WL 1382222, at *2.

Defendants argue that the Seventh Circuit's holding in *Cox v. Zale Del., Inc.*, 239 F.3d 910 (7th Cir. 2001) undermines *Wagner's* holding that claims under both the FDCPA and Bankruptcy Code can be maintained. However, *Cox* did not discuss the issue of whether the Bankruptcy Code precludes actions based on other federal statutes, such as the FDCPA. *Cox* held that the Bankruptcy Code preempted state law claims premised on violations of the Code. *Cox*, 239 F.3d at 913. Because *Cox* did not address the issue of how or when the Bankruptcy Code precludes other federal statutory claims, this court will follow Seventh Circuit precedent and give effect to both federal statutes. *See U.S. v. Palumbo Bros., Inc.*, 145 F.3d 850, 862 (7th Cir. 1998) (quoting *U.S. v. Borden*, 308 U.S. 188, 198 (1939) ("'[I]t is a cardinal principle of construction that [when] there are two acts upon the same subject, the rule is to give effect to both.' Congressional intent behind one federal statute should not be thwarted by the application of another federal statute if it is possible to give effect to both laws.") In the circumstances present here, the court finds *Wagner* controlling.

### C. Failure to State a Violation of the FDCPA

Plaintiffs' complaint alleges that defendants violated §§ 1692e, 1692e(2), 1692e(4),

1692e(5), 1692e(10), and 1692f of the FDCPA.[2] Specifically, plaintiffs allege that defendants misrepresented the legal status of their debts by attempting to give plaintiffs the impression that, despite the bankruptcy court's discharge order, they were still obligated to pay their debts to Sears. Additionally, plaintiffs allege that defendants misrepresented the amounts of the debts by demanding that plaintiffs pay the inflated amounts provided by Sears, all the while knowing that the amounts were inflated. Defendants argue that none of the actions alleged by the plaintiffs state a violation of the Act. Specifically, defendants argue that the language of the Redemption Agreements and their other communications are not misleading or deceptive even under the "unsophisticated consumer" standard for adjudging FDCPA claims, *see Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Defendants also argue that there is no evidence that they were aware of Sears' alleged practice of inflating the values of its security interests.

Defendants' arguments ask the court to decide the merits of plaintiffs' claims based on limited evidence. The court declines to do so. It is true that plaintiffs' claims are somewhat conclusory at this stage, but defendants' arguments are better suited to a motion for summary judgment. As this case is still in the early stages of litigation, with no discovery having yet been

---

[2] Those sections of the FDCPA provide, in pertinent part:

§ 1692e.   False or misleading representations [Section 807 of P.L.]
      A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
      (2)   The false representation of --
            (A)   the character, amount, or legal status of any debt; . . .
      (4)   The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action.
      (5)   The threat to take any action that cannot legally be taken or that is not intended to be taken . . .
      (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

§ 1692f. Unfair practices [Section 808 of P.L.]
      A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....

taken, the court holds that the allegations made by plaintiffs, taken as true in relation to the "unsophisticated consumer" standard for adjudging FDCPA claims, are sufficient to state a claim for an FDCPA violation.

## II. Motion to Dismiss Count II – Violation of §§ 105 and 524 of the Bankruptcy Code

In Count II, plaintiffs attempt to state a private action against defendants for an alleged violation of the discharge injunction contained in § 524(a)(2) of the Bankruptcy Code, 11 U.S.C. § 524(a)(2). Apparently, plaintiffs believe that § 105 of the Code, which empowers a court to "issue any order, process or judgment that is necessary and appropriate to carry out the provisions of this title," 11 U.S.C. § 105, enables them to maintain a violation of § 524 in a private action in district court. In *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001), the Seventh Circuit held that the sole remedy for a violation of § 524 is a contempt action brought in the bankruptcy court that issued the order of discharge. Plaintiffs do not contest this point. Accordingly, Count II is dismissed without prejudice. Plaintiffs may be able to refile that claim in the bankruptcy court.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied with respect to Count I and granted with respect to Count II.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: August 14, 2001

9